FILED
**United States Court of Appeals**
**Tenth Circuit**

**May 26, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

BO ZOU,

    Plaintiff - Appellant,

v.

STEVEN R. EBBERTS; TERESA L.
WATSON; MARLA LUCKERT,

    Defendants - Appellees.

No. 25-3148
(D.C. No. 2:25-CV-02231-HLT-RES)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **MATHESON**, **MORITZ**, and **FEDERICO**, Circuit Judges.

_____

Bo Zou, proceeding pro se,[1] appeals the district court's dismissal of his

42 U.S.C. § 1983 action against three Kansas state judges—Shawnee County District

Judge Teresa L. Watson, Shawnee County Chief Judge Steven R. Ebberts, and

Kansas Supreme Court Chief Justice Marla J. Luckert.  Mr. Zou alleged Fourteenth

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Zou appears pro se, "we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Amendment violations arising from orders restricting his access to the Shawnee County Courthouse and denying his state-court appeal. The district court dismissed his claims as barred by judicial immunity and the Eleventh Amendment. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Zou's claims arise from orders in a landlord-tenant dispute in the District Court of Shawnee County, Kansas.[2] During those proceedings, Judge Watson entered an order prohibiting Mr. Zou from entering certain parts of the Shawnee County Courthouse. Chief Judge Ebberts later issued an administrative order prohibiting Mr. Zou from entering the courthouse entirely. Mr. Zou then petitioned the Kansas Supreme Court for review and for a writ of mandamus, which Chief Justice Luckert denied.

Mr. Zou next filed this action in the United States District Court for the District of Kansas seeking damages and injunctive relief. He moved to proceed *in forma pauperis* ("*ifp*"). *See* 28 U.S.C. § 1915(a). The magistrate judge granted the *ifp* motion and screened the complaint under § 1915(e)(2)(B). Although the complaint alleged constitutional violations, it did not specify a cause of action or indicate whether Mr. Zou was suing the judges in their individual or official capacities. The magistrate judge liberally construed the allegations as asserting § 1983 claims against the judges in both capacities and issued a report and

---

[2] The factual background is drawn from Mr. Zou's complaint, objections to the report and recommendation, and public state-court records that the magistrate judge judicially noticed.

recommendation ("R&R") recommending dismissal. The R&R concluded that judicial immunity barred the individual-capacity claims, the Eleventh Amendment barred the official-capacity claims, and no exception to either doctrine applied.

Mr. Zou objected to the R&R, arguing generally that immunity does not preclude actions alleging constitutional violations; the state-court judges acted outside their jurisdiction; and the magistrate judge lacked authority to review Mr. Zou's *ifp* motion, screen his complaint, and withhold service. After conducting *de novo* review, the district court overruled the objections, concluding that (1) because the challenged orders were judicial acts within the state-court judges' authority, judicial immunity barred the individual-capacity claims; (2) the Eleventh Amendment barred the official-capacity claims for monetary relief; (3) the *Ex parte Young* exception for injunctive relief did not extend to state judicial officers, *see generally Ex parte Young*, 209 U.S. 123 (1908); and (4) a magistrate judge has authority over non-dispositive pretrial matters, including *ifp* motions and complaint screening. The court adopted the R&R and dismissed under § 1915(e)(2)(B)(ii)–(iii).

On appeal, Mr. Zou does not meaningfully challenge the district court's determination that judicial immunity and the Eleventh Amendment bar his claims. His opening brief recounts the history of the dispute and largely reasserts the arguments he presented in his objections. He does not address the district court's reasoning for rejecting those arguments. "The first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Because Mr. Zou does not do so, we will not

3

question the district court's decision.  *See Clark v. Colbert*, 895 F.3d 1258, 1265 (10th Cir. 2018) ("[W]e will not question the reasoning of a district court unless an appellant actually argues against it." (alteration and internal quotation marks omitted)).

Having carefully reviewed Mr. Zou's brief and the record, we conclude that Mr. Zou has failed to show the district court erred.  We affirm for substantially the same reasons stated in the district court's order.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge